PER CURIAM.
Richard Wighard, Appellant, seeks review of the trial court’s summary denial of his motion for postconvietion relief filed pursuant to Florida Rule of Criminal Procedure 8.850. We reverse.
In 2000, Appellant was sentenced[1] as a habitual felony offender (“HFO”) for the sale of cocaine, a second-degree felony, to sixty months’ incarceration, followed by five years’ probation. Following his release from the Department of Corrections on that sentence, Appellant’s probation was revoked and in September 2008, he was sentenced to ten years’ incarceration. Notably, the trial court did not pronounce at sentencing that Appellant was being sentenced as a HFO, nor did his judgment and sentence reflect a HFO sentence. Appellant appealed his judgment and sentence and this court affirmed per curiam. See Wighard v. State, 8 So.3d 1151 (Fla. 5th DCA 2009).
Appellant subsequently filed a motion to correct illegal sentence pursuant to Florida Rule of Appellate Procedure 3.800(a), arguing that his ten-year sentence was illegal because it exceeded the sentencing guidelines maximum range without written departure reasons. He acknowledged his original HFO sentence from 2000, but claimed that the State elected not to seek a HFO sentence at his violation of probation (“VOP”) sentencing, and the trial court assented. Hence, his ten-year VOP sentence was a straight ten-year sentence with no oral or written HFO designation. Furthermore, because the straight ten-year sentence exceeded his guidelines maximum sentence, it followed that written departure reasons were necessary. Without these reasons, Appellant argued, his ten-year sentence was illegal.
The trial court rejected Appellant’s rule 3.800(a) argument based on its finding that the HFO determination at his original sentencing in 2000 carried over to his VOP sentencing in 2008. The trial court reasoned that the ten-year VOP sentence was a legal HFO sentence outside the sentencing guidelines which did not require written departure reasons. On appeal, we concluded the upward departure sentence was not an issue cognizable in a rule 3.800(a) proceeding and affirmed. See Wighard v. State, 34 So.3d 782 (Fla. 5th DCA 2010).
Appellant initiated the instant proceeding by filing a rule 3.850 motion, arguing that his attorney was ineffective for the following reason:
*172 Defendant’s attorney failed to object to the 10-year sentence imposed by the VOP sentencing court — a sentence which FAR EXCEEDS the 18.35 to 31.85 prison month recommendation range of the controlling 1998, Rule 3.991, sentencing guidelines scoresheet that was in effect on the date of Defendant’s substantive “sale of cocaine” offense— when there are no written reasons for an upward departure sentence, nor is there any oral pronouncement of an enhanced sentence transcribed from any VOP judicial proceeding, to justify a sentence outside of said recommended sentencing range.
The trial court denied Appellant’s petition and this appeal followed.
In our view, the outcome of this case is governed by the supreme court’s recent decision in State v. Akins, 69 So.3d 261 (Fla.2011), in which the court affirmatively answered the following certified question:
IF A DEFENDANT HAS BEEN DECLARED TO BE A HABITUAL OFFENDER BEFORE THE IMPOSITION OF HIS INITIAL SPLIT SENTENCE, WHEN THE DEFENDANT LATER VIOLATES PROBATION AND HAS HIS PROBATION REVOKED, DOES THE DEFENDANT LOSE HIS STATUS AS A HABITUAL OFFENDER IF THE TRIAL COURT DOES NOT REPEAT THIS STATUS AT THE SENTENCING HEARING ON VIOLATION OF PROBATION?
The State argues Akins is inapplicable because it involved a double jeopardy issue, one not raised or argued by Appellant. We do not read Akins that narrowly. In contrast, the instant record reveals that the trial court did not designate Appellant as a HFO during its oral pronouncement at the VOP sentencing, or in the written judgment and sentence. Thus, the only relevant factual distinction between Akins and the instant case is that the trial court in Akins ultimately amended the defendant’s written VOP sentence several months after it was imposed by adding the HFO designation even though it was never orally imposed. Here, there was no oral designation of Appellant’s HFO status during the VOP sentencing, and it appears that his written VOP sentence did not reflect a HFO designation. Appellant is currently serving a ten-year, non-HFO prison term despite the fact that his maximum sentencing guidelines scoresheet was 31.85 months. Accordingly, Appellant’s sentence facially exceeds the sentencing guidelines maximum without written departure reasons.
Akins rejects any notion that Appellant’s original HFO designation may have carried over to his VOP sentencing proceeding. Instead, Akins holds that the trial court must restate this designation during the VOP sentencing or the HFO status is lost. Id. at 266. Moreover, Akins dictates that the trial court cannot now attempt to impose the HFO designation on Appellant without running afoul of double jeopardy protections. Appellant is entitled to resentencing.
REVERSED and REMANDED.
ORFINGER, C.J., PALMER and COHEN, JJ., concur.

. The offenses occurred on September 3, 1998, before the Criminal Punishment Code became effective (for offenses on or after October 1, 1998). Therefore, Appellant was originally sentenced under the 1995 Sentencing Guidelines.