IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ASHLEY BISHOP,

      Appellant,

v.                                                                       Case No.  5D17-2497

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 16, 2018

3.800 Appeal from the Circuit
Court for Orange County,
Leticia J. Marques, Judge.

Ashley Bishop, Sanderson, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Appellant, Ashley Bishop, appeals the summary denial of his motion to correct an

illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  In his rule

3.800(a) motion, Appellant alleged that the court erred in sentencing him upon a second

violation of probation to twenty years as an habitual felony offender without re-designating

him  an  HFO.    The  State  properly  concedes  error  in  that  the  trial  court's  record

attachments do not show whether there was a re-designation of Appellant's HFO status during Appellant's 2014 VOP resentencing and/or the current 2016 VOP resentencing. *See State v. Akins*, 69 So. 3d 261 (Fla. 2011) (holding that HFO designation must be restated at each resentencing to be applied); *Wighard v. State*, 71 So. 3d 170 (Fla. 5th DCA 2011) (applying *Akins* and holding that HFO designation was lost when it was not restated at VOP hearing). Absent an HFO designation, Appellant's twenty-year sentence exceeds the statutory maximum for a second-degree felony. Accordingly, we reverse and remand this cause for the trial court to either attach refuting records or resentence Appellant to a legal, non-HFO sentence.

REVERSED and REMANDED.

ORFINGER, TORPY and EVANDER, JJ., concur.